JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Edward Thornton appeals the ordered forfeiture of his seized property and claims a hearing should have been conducted prior to the order. As the State concedes this argument, we vacate the order of forfeiture and remand for hearing.
 {¶ 2} The record reveals that Thornton was arrested on May 24, 2003. Three days later, the police executed a search warrant for Thornton's home and seized thirty items. As a result, Thornton was indicted on two counts of unlawful sexual conduct with a minor, in violation of R.C.2907.04; one count of corrupting another with drugs, in violation of R.C. 2925.02; and one count of attempted tampering of evidence, in violation of R.C. 2923.02/2921.12.
 {¶ 3} On October 3, 2003, Thornton pleaded guilty to two counts of unlawful sexual conduct with a minor and one count of corrupting another with drugs. He was then sentenced to four years in prison.
 {¶ 4} On October 16, 2003, Thornton moved for the return of his seized property. The trial court subsequently denied the motion and a Journal Entry of Forfeiture was issued on January 3, 2006. It is from this entry that Thornton appeals in the assignments of error set forth in the appendix to this opinion. As each of his assignments of error relate to the lack of a forfeiture hearing, we address the assignments together.
 {¶ 5} Thornton asserts that a forfeiture hearing was required under the provisions of R.C. 2933.43. We note that when forfeiture is part of the plea agreement, adherence to the forfeiture procedures laid out in R.C. 2933.43 is unnecessary. State v. McGuire, Cuyahoga App. No. 86608,2006-Ohio-1330. However, when it is not part of the plea agreement, the state is required to file a petition for the forfeiture and the court must hold a hearing on the forfeiture within forty-five days of the conviction. R.C. 2933.43(C).
 {¶ 6} The record reflects that voluntary forfeiture was not part of the plea agreement and, therefore, a forfeiture hearing was required. See State v. Roberts (Feb. 9, 1995), Cuyahoga App. No. 66692. As the State concedes this argument, the order of forfeiture is vacated and this case is remanded for hearing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the
common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27
of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
ANN DYKE, A. J., and PATRICIA A. BLACKMON, J., CONCUR
 APPENDIX
ASSIGNMENTS OF ERROR
 "I. THE STATE VIOLATED THE DOUBLE JEOPARDY CLAUSES PROVIDED IN THE OHIO CONSTITUTION ARTICLE I, SECTION 10 AND THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE STATE FAILED TO SEEK FORFEITURE OF THE APPELLANT'S PROPERTY PRIOR TO SENTENCING.
 II. APPELLANT THORNTON WAS DENIED HIS RIGHT TO DUE PROCESS PROVIDED IN THE OHIO CONSTITUTION ARTICLE I, SECTION 16 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHEN THE STATE AND THE TRIAL COURT HELD A CRIMINAL FORFEITURE HEARING BEYOND THE PRESCRIBED TIME PERIOD.
 III. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS PROVIDED IN THE OHIO CONSTITUTION ARTICLE I, SECTION 16, AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE STATE FORFEITED THE APPELLANT'S PROPERTY WITHOUT THE INDICTMENTS SIC]CONTAINING ANY SPECIFICATION AS TO THE USE OF THE PROPERTY IN THE UNDERLYING OFFENSE.
 IV. THE STATE VIOLATED THE EXCESSIVE FINE CLAUSE PROVIDED IN SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN APPELLANT'S PROPERTY WAS FORFEITED WITHOUT THE INDEPENDENT DETERMINATION WHETHER THE FORFEITURE OF THAT PROPERTY CONSTITUTED AN 'EXCESSIVE FINE' PROHIBITED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
 V. APPELLANT THORNTON WAS DENIED HIS RIGHT TO DUE PROCESS PROVIDED IN THE OHIO CONSTITUTION ARTICLE I, SECTION 10, AND SECTION 16, AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHEN THE STATE HELD A FORFEITURE HEARING ON JANUARY 3, 2006, OUTSIDE OF THE APPELLANT'S PRESENCE.
 VI. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS PROVIDED IN THE OHIO CONSTITUTION ARTICLE I, SECTION 10, AND SECTION 16, AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE STATE AND THE TRIAL COURT HELD A CRIMINAL FORFEITURE HEARING ON JANUARY 3, 2006 WITHOUT SERVING THE REQUIRED NOTIFICATION."