JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Florence Jackson, appeals from a municipal court order overruling her motion to withdraw her no contest plea. She argues that the court denied her due process by (1) finding her guilty on a no-contest plea without hearing evidence or obtaining her consent to the finding; (2) accepting her no contest plea without a knowing, intelligent and voluntary waiver of her right to counsel; and (3) overruling her motion to withdraw her no contest plea without a hearing. We find the court abused its discretion by failing to find that a manifest injustice required it to allow appellant to withdraw her no contest plea. Therefore, we reverse and remand with instructions for the municipal court to vacate the sentence it imposed and allow appellant to withdraw her no contest plea.
 {¶ 2} On January 23, 2003, a complaint was filed in the municipal court alleging that the appellant had failed to comply with the terms of notices and orders she had received from the city, and had failed to correct violations of the city's ordinances on her property. On March 4, 2003, appellant appeared and entered a plea of no contest, having first waived her right to counsel. The court found appellant guilty, fined her $1000 and sentenced her to forty-five days in jail plus three years of inactive probation. Execution of the sentence was suspended pending development and presentation of a plan for compliance.
 {¶ 3} Appellant reappeared before the court on numerous occasions throughout 2003 and 2004. Finally, on December 15, 2004, the court entered the following order:
 {¶ 4} "This case is going nowhere as [defendant] enables her unbankable [sic] sister [and] son to squat on this property rent free. Her sister's ability to buy this property, let alone maintain it, is unrealistic.
 {¶ 5} "[Defendant] to return Jan. 18, 2005 at 11 am for final progress report. With any appropriate disposition of suspended jail or monetary sentence imposed due to the completely unsatisfactory progress of this 2003 case, it will be closed. [Defendant] ordered to be present at that time."
 {¶ 6} On January 18, 2005, the court entered an order imposing a $750 fine and five days' jail "due to unsatisfactory progress." The court then ordered the case closed, subject to payment of fines and costs.
 {¶ 7} On February 22, 2005, appellant, through counsel, filed a motion to withdraw her plea of no contest. The court denied the motion the same day. Appellant then filed the instant appeal.
 {¶ 8} Appellant's first two assignments of error challenge the court`s acceptance of her no contest plea in 2003. Appellant failed to timely file a direct appeal from the judgment of conviction the municipal court entered on March 4, 2003. This court overruled her motion for leave to file a delayed appeal from the March 4, 2003 order. Accordingly, we have no jurisdiction to review these issues. Ditmars v. Ditmars (1984),16 Ohio St.3d 184.
 {¶ 9} Appellant's third assignment of error asserts that the court erred by denying her motion to withdraw her no contest plea. A trial court may allow the withdrawal of a no contest plea after the imposition of sentence only to "correct manifest injustice." Crim.R. 32.1. The burden of proof is on the defendant to establish that a manifest injustice has occurred. State v.Caraballo (1985), 17 Ohio St.3d 66. We review the trial court's denial of a motion to withdraw a no contest plea for abuse of discretion. State v. Nathan (1995), 99 Ohio App.3d 722, 725.
 {¶ 10} Like a motion to vacate a civil judgment, a motion to withdraw a guilty plea after sentence is imposed may not be used as a substitute for a direct appeal. State v. Reed, Mahoning App. No. 04MA236, 2005-Ohio-2925, ¶ 11; State v. Hartzell
(August 20, 1999), Montgomery App. No. 17499. Res judicata bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding any claimed lack of due process that was or could have been raised on direct appeal from the judgment. State v. Stefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, reaffirming State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 11} Appellant in this case was not represented by counsel when she entered her no contest plea, however. Although she executed a written waiver, the record does not disclose that she waived her right to counsel on the record in open court as required by Crim.R. 22 and 44(B). See, e.g., Garfield Heights v.Brewer (1984), 17 Ohio St.3d 216. The transcript of the plea hearing indicates only that the magistrate asked appellant, "Do you understand your rights?" Appellant answered "Yes." The magistrate then asked appellant how she wished to plead. There was no separate explanation of the right to counsel, much less any express waiver of that right on the record in open court. Accordingly, we find that appellant's plea was uncounseled and that res judicata does not bar her challenge.
 {¶ 12} Furthermore, we agree with appellant that the municipal court abused its discretion when it declined to find that a manifest injustice required it to vacate her no contest plea. Appellant demonstrated that a manifest injustice had occurred when she was permitted to enter her plea without benefit of counsel and in the absence of an express waiver of her right to counsel in open court. State v. Newcome (1989),62 Ohio App.3d 619.
 {¶ 13} Accordingly, we reverse and remand the municipal court's judgment with instructions to vacate the sentence and grant leave to appellant to withdraw her plea of no contest.
 {¶ 14} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Blackmon, J. Concur.