[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Robert McGuire ("McGuire"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that denied his post-sentence motion to withdraw a guilty plea without a hearing. McGuire also appeals the trial court's denial of his motion for return of money. For the reasons stated below, we affirm.
 {¶ 2} In 2002, McGuire was charged in a forty-four count indictment with numerous offenses, including drug trafficking, possession of drugs, possessing criminal tools, deception to obtain a dangerous drug, fraudulent actions concerning a VIN, having a weapon while under disability, and receiving stolen property, as well as various specifications. On September 16, 2002, McGuire, who was represented by counsel, pled guilty to counts nine and eleven, possession of drugs in violation of R.C.2925.11 with a one-year firearm specification, and to count forty-one, having a weapon while under disability in violation of R.C. 2923.13. The trial court convicted McGuire of these charges, and the remaining counts were nolled. McGuire was sentenced to a total of four years in prison. Under a plea agreement, McGuire also voluntarily forfeited seized contraband that included currency. The trial court placed an order of forfeiture on the record reflecting this voluntary forfeiture.
 {¶ 3} McGuire never filed a direct appeal. On February 20, 2004, seventeen months after entering his plea, McGuire filed a motion to withdraw his plea of guilty. This motion was denied without a hearing. On December 9, 2004, McGuire filed a motion for a return of $90,000 of the money he had forfeited. This motion was also denied.
 {¶ 4} McGuire filed this appeal, raising five assignments of error for our review. We begin by addressing McGuire's first, second, and fifth assignments of error, which all relate to the denial of his motion to withdraw his plea and shall be addressed together. They provide:
 {¶ 5} "1. The trial court abused its discretion by denying Crim.R. 32.1 motion based on manifest injustice on the face of the record."
 {¶ 6} "2. Trial judge abused discretion denying motion to withdraw plea where appellant medicated during such process."
 {¶ 7} "5. The trial court prejudiced appellant's rights where no evidentiary hearing is ordered, same denies appellant meaningful review."
 {¶ 8} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, with a post-sentence motion to withdraw a guilty plea, only when the appellant can establish that he must be permitted to change his plea to avoid a manifest injustice will a court allow him to withdraw his plea. State v.Smith (1977), 49 Ohio St.2d 261; Crim.R. 32.1. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence is unexpectedly severe. State v. Caraballo
(1985), 17 Ohio St.3d 66, citing State v. Peterseim (1980),68 Ohio App.2d 211.
 {¶ 9} The "manifest injustice" standard is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases. Smith, 49 Ohio St.2d at 264. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. We review the court's action on a post-sentence motion to withdraw a guilty plea for an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526.
 {¶ 10} Under his first assignment of error, McGuire claims a manifest injustice exists because the trial court never accepted his plea, never declared him guilty on the record, and never convicted him of any crime on the record.
 {¶ 11} A review of the transcript reflects the court advised McGuire of the rights he was waiving by entering a guilty plea in accordance with Crim.R. 11. The court specifically asked McGuire at the time of his plea whether he was "under the influence of any drugs, alcohol or medicine which might affect your thinking?" McGuire responded "no." The court informed McGuire of the effect of a guilty plea and of the penalties involved. The court asked McGuire if he understood. McGuire responded "yes." The court instructed McGuire that there was a possibility of post-release control for a period of up to three years. McGuire entered a plea of guilty on the record, and the court found that McGuire "knowingly, voluntarily and with full understanding of his rights entered his plea of guilty here." McGuire's counsel indicated that he was satisfied that Crim.R. 11 had been complied with.
 {¶ 12} The court was advised that McGuire was in the midst of dealing with serious medical problems and had just been released from the hospital following several operations. This information was brought to the court's attention to make sure McGuire would be able to get to his medical appointments. The court asked McGuire if he would be testing for any illegal substances, and McGuire responded only for his prescribed medication. The court set a sentencing date in October 2002, at which time the court sentenced McGuire.
 {¶ 13} The trial court entered a journal entry reflecting that McGuire had entered a guilty plea on counts nine, eleven, and forty-one, and that the court found him guilty of these charges. The court also indicated the remaining counts were nolled and that contraband had been forfeited.
 {¶ 14} Our review of the proceedings in this case shows that the trial court complied with Crim.R. 11 and specifically found that McGuire "knowingly, voluntarily and with full understanding of his rights entered his plea of guilty here." Further, upon entering his guilty plea, the trial court proceeded to schedule the case for sentencing. This was sufficient to establish that the court accepted McGuire's plea. As we have previously recognized: "A judge properly accepts a defendant's plea of guilty to an offense when the record shows he substantially complied with the requirements of Crim.R. 11(C) and the totality of the circumstances shows the defendant subjectively understood the implications of his plea." State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592.
 {¶ 15} McGuire also argues that the trial court did not include post-release control as part of his sentence and that his sentence is void. Because McGuire did not file a direct appeal to challenge post-release control, he is precluded by the doctrine of res judicata from raising the issue in this case. State v.Curtis, Medina App. No. 02CA0022-M, 2002-Ohio-6036.[1]
 {¶ 16} Under his second assignment of error, McGuire argues that his plea was not voluntary, knowing or intelligent because he was taking medication for serious injuries. The mere fact that McGuire was taking medication does not mean he was incompetent to plead guilty. State v. Senich, Cuyahoga App. No. 82581, 2003-Ohio-5082. McGuire clearly stated on the record that he was not under the influence of any medicine which might affect his thinking, and he engaged in a meaningful dialogue with the trial court. Accordingly, we reject McGuire's contention that his guilty plea was not knowingly, voluntarily and intelligently entered because of medication that he had taken prior to the plea hearing.
 {¶ 17} Under his third assignment of error, McGuire argues the court failed to conduct a hearing on his motion. Under R.C.2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. State v.Calhoun (1999), 86 Ohio St.3d 279, 281, 1999-Ohio-102. Significantly, the Supreme Court of Ohio has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes (1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. Calhoun, supra; State v. Lentz (1994),70 Ohio St.3d 527, 530, 1994-Ohio-532.
 {¶ 18} In reviewing whether the trial court erred in denying a petition for postconviction relief without an evidentiary hearing, we apply an abuse of discretion standard. State v.Dowell, Cuyahoga App. No. 86232, 2006-Ohio-110. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 19} The record in this case supports the trial court's decision to deny appellant's petition without a hearing. McGuire failed to establish substantive grounds for relief and several of the claims raised are barred by the doctrine of res judicata.
 {¶ 20} We also note that McGuire waited over seventeen months after entering his guilty plea to file his motion to withdraw. Although there is no prescribed time limit after the imposition of sentence during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph three of the syllabus.
 {¶ 21} Accordingly, we conclude the trial court did not abuse its discretion in dismissing the appellant's postconviction petition without first conducting an evidentiary hearing. McGuire's first, second, and fifth assignments of error are overruled.
 {¶ 22} We next consider McGuire's third assignment of error, which provides:
 {¶ 23} "3. Lower court possessed no subject-matter jurisdiction to order appellant's bank money forfeited, thus court abused its discretion in failing to grant motion."
 {¶ 24} Under the third assignment of error, McGuire claims the judgment of the trial court with respect to the forfeiture is void because the trial court never obtained subject matter jurisdiction to hear any forfeiture issues. It is clear from the record that the forfeiture of the seized money was a voluntary forfeiture by McGuire as part of the plea agreement.[2]
Because the parties' agreement governed the forfeiture of McGuire's property, adherence to the forfeiture procedures laid out in R.C. 2933.43 was unnecessary. See State v. Wade,
Cuyahoga App. No. 85444, 2005-Ohio-4823. Accordingly, McGuire's third assignment of error lacks merit and is overruled.
 {¶ 25} Finally, we consider McGuire's fourth assignment of error, which provides:
 {¶ 26} "4. The appellant has on the unique facts here has been denied his fundamental right to a speedy trial as guaranteed via R.C. 2945.17, and the constitutional right under theSixth Amendment United States Constitution."
 {¶ 27} Under this assignment of error, McGuire asserts that because his guilty plea was not accepted by the trial court, his right to a speedy trial has now been violated and his conviction should be vacated. As we have already found, the trial court did accept McGuire's guilty plea; this assignment of error is without merit.
 {¶ 28} We also note that this speedy trial challenge should have been raised by a direct appeal within 30 days of the trial court's sentencing order and is now barred by res judicata. SeeState v. Wangul, Cuyahoga App. No. 84698, 2005-Ohio-1175. A motion to withdraw a guilty plea after sentence is imposed may not be used as a substitute for a direct appeal. City of ShakerHeights v. Jackson, Cuyahoga App. No. 86161, 2006-Ohio-707.
 {¶ 29} McGuire's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., concur.
[1] We note that a trial court is required to inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Woodsv. Telb, 89 Ohio St.3d 504, 513, 2000-Ohio-171. Here, the record clearly indicates that McGuire was advised of post-release control at the plea hearing and the court included post-release control as part of his prison sentence in the journal entry.
[2] McGuire confirmed on the record that as a condition of his plea he was forfeiting all right, title and interest in the contraband that was seized in this case, including the $90,000. McGuire indicated that he understood he would be forfeiting any right, title and interest in the seized items.