JOURNAL ENTRY and OPINION
{¶ 1} In August 2003, defendant Riccotize Dawson pleaded guilty to one count of voluntary manslaughter with a firearm specification and one count of felonious assault. The court accepted the pleas and sentenced Dawson to a three-year term on the firearm specification, to be served prior to a ten-year sentence on the voluntary manslaughter count and seven-year sentence on the felonious assault count. The court ordered the manslaughter and felonious assault sentences to be served consecutively, for a total sentence of 20 years. In May 2005, Dawson asked this court for leave to file a delayed appeal, but we denied that motion. He then filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. As grounds for withdrawing his plea, Dawson argued that the court failed to inform him that he would be waiving his constitutional rights, that the court failed to inform him that his penalty would include post-release control, and that the court failed to set forth its reasons for imposing consecutive sentences.
The court denied the motion and this appeal followed.
 {¶ 2} We summarily reject all of Dawson's arguments as he is impermissibly using a Crim.R. 32.1 post-sentence motion to withdraw his guilty pleas as a substitute for appeal. See Cityof Shaker Heights v. Jackson, Cuyahoga App. No. 86161,2006-Ohio-707; State v. McGuire, Cuyahoga App. No. 86608,2006-Ohio-1330. All of the arguments raised in this appeal could have and should have been raised on a direct appeal from his conviction. Instead, Dawson waited two years to file a motion for a delayed appeal. When we denied him leave to file a delayed appeal, he filed the motion currently before us. Nothing contained in that motion is of a character that would demonstrate the requisite "manifest injustice" required under Crim.R. 32.1. Instead, Dawson submitted for consideration to the court fairly run-of-the-mill legal arguments relating to the validity of the plea that would ordinarily be raised on direct appeal.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Blackmon, J., Concur.