[Cite as *State v. Hrnjak*, 2013-Ohio-5726.]

STATE OF OHIO            )                    IN THE COURT OF APPEALS
                         )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                                 C.A. No.     26554

    Appellee

    v.                                        APPEAL FROM JUDGMENT
                                              ENTERED IN THE
BOJAN HRNJAK                                  COURT OF COMMON PLEAS
                                              COUNTY OF SUMMIT, OHIO
    Appellant                                 CASE No.     CR 10 02 0368 (B)

DECISION AND JOURNAL ENTRY

Dated: December 26, 2013

HENSAL, Judge.

{¶1}   Defendant-Appellant, Bojan Hrnjak, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Hrnjak was indicted on one count of burglary, one count of grand theft, and one count of tampering with evidence.  Pursuant to plea negotiations, Hrnjak pleaded guilty to attempted burglary, a felony of the third degree, and the trial court dismissed the remaining charges on the State's motion.  The trial court sentenced Hrnjak to one year of incarceration and suspended the sentence on the condition that he successfully complete two years of community control.

{¶3}   During the change of plea hearing, defense counsel informed the trial court that Hrnjak was not a United States citizen; that he advised Hrnjak to seek advice from an immigration lawyer before pleading guilty to the charge of attempted burglary; and that, while he

was not an expert in the area of immigration law, he informed Hrnjak that there was "a good likelihood[] that he will be deported as a result of this conviction." The trial court also informed Hrnjak that a conviction for this offense would likely result in his deportation and inquired whether he had consulted with an immigration lawyer as recommended by defense counsel. Hrnjak informed the court that he could not afford to consult with an immigration lawyer but that he had done some independent research online and understood that, while there was a possibility he could be deported, it was "very unlikely." The trial court informed him that it was in fact "highly likely" that he would be deported based on this conviction. Nevertheless, Hrnjak pleaded guilty to attempted burglary after further colloquy with the court.

{¶4}     Almost two years later, Hrnjak filed a joint motion for post-conviction relief and to withdraw his guilty plea pursuant to Criminal Rule 32.1 along with a request for a hearing. Relying on *Padilla v. Kentucky*, 559 U.S. 356 (2010), he argued that he did not knowingly enter his plea because he was not aware that his conviction would have an adverse impact on his immigration status. He concluded he must be allowed to withdraw his plea to correct a manifest injustice. Hrnjak appended a copy of the transcript from his change of plea hearing and his affidavit in support of his motion. In his affidavit, he averred that he was then being detained in immigration custody and was told that, based on his burglary charge and one-year suspended sentence, he was classified as an aggravated felon, making his "removal a certainty." He further averred that neither defense counsel nor the trial court informed him prior to his plea that the burglary charge "would result in [his] certain, definite removal." The State filed a brief in opposition to the motion to withdraw the plea. The trial court denied Hrnjak's motion without a hearing. Hrnjak appealed and raises two assignments of error for review.

II.

{¶5} This Court notes that Hrnjak's motion in the trial court was premised on both post-conviction relief and to withdraw his guilty plea. Hrnjak did not present an assignment of error or argue that the trial court erred in denying him post-conviction relief, but rather limits his argument to denial of his motion to withdraw his guilty plea. Because Hrnjak does not dispute that his post-conviction relief claim was properly dismissed, this Court shall accordingly limit its discussion to the denial of his motion to withdraw his guilty plea.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT MR. HRNJAK HAD NOT ESTABLISHED THAT HE SUFFERED A MANIFEST INJUSTICE SUCH THAT HE SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS PLEA.

{¶6} Hrnjak argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea because defense counsel's representation was constitutionally deficient, which precluded Hrnjak from entering his plea knowingly, i.e. with an understanding of the significance of the ramifications on his immigration status. This Court disagrees.

{¶7} Hrnjak's motion to withdraw his guilty plea was filed pursuant to Criminal Rule 32.1, which provides that: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Manifest injustice" is a "clear or openly unjust act" that is a "miscarriage of justice or is inconsistent with the demands of due process." *State v. Ford,* 9th Dist. Summit No. 26260, 2012–Ohio–4028, ¶ 5, quoting *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208 (1998). Hrnjak had the burden of demonstrating the existence of manifest injustice. *State v. Ruby*, 9th

Dist. Summit No. 23219, 2007-Ohio-244, ¶ 10, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9, quoting *Smith* at 264.

{¶8} It is within the trial court's sound discretion whether to grant a motion to withdraw a plea. *Smith* at 264. "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, ¶ 32. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶9} Hrnjak argues that his trial counsel was ineffective pursuant to the standard set forth in *Padilla v. Kentucky*, 559 U.S. 356 (2010), and that he suffered a manifest injustice as a result. Specifically, he argues that defense counsel did not properly advise him that his guilty plea would result in certain deportation and that, had he known that was the case, he would not have entered a guilty plea. In substance, Hrnjak argues that defense counsel's ineffective assistance precluded him from entering a guilty plea in a knowing, voluntary and intelligent manner.

{¶10} In order to prove a claim of ineffective assistance of counsel, Hrnjak must demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "deficient performance" is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, a

defendant must show "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id*. at paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691.

{¶11} Hrnjak argues that his trial counsel's advice on the probability that he would be deported was deficient. He relies upon the *Padilla* case, which addressed the responsibilities of defense counsel to advise his or her client of the possible impact of the criminal proceedings on the client's immigration status. The defendant in *Padilla* was a lawful permanent resident of the United States for more than 40 years who faced deportation to his native country of Honduras as a consequence of pleading guilty to drug-distribution charges. He claimed that he was deprived of the effective assistance of counsel when his trial attorney erroneously told him he would not be deported because he had lived in the United States for so long. The Supreme Court that "counsel must inform [his] client whether his plea carries a risk of deportation." *Id*. at 1486. The court recognized the inherent difficulty defense counsel encounters in properly advising a client of the deportation risk as a consequence of a criminal conviction due to the complexities of immigration law. *Id.* at 1483. When it is clear that a defendant will be deported based on the charges, his counsel has an affirmative duty to render the correct advice about the risk of deportation. *Id*. Unlike trial counsel in the *Padilla* case, Hrnjak's attorney did not advise him that he would not be deported, but rather his attorney advised him before he entered his plea that his conviction carried a strong likelihood that he would be deported.

{¶12} The record reflects that Hrnjak's trial was continued from its originally scheduled date "due to [a] recently discovered legal issue, [Hrnjak's] immigration status." At his change of plea hearing, Hrnjak's counsel represented to the court that the matter was continued "to advise

[Hrnjak] of his immigration situation." Hrnjak's counsel further stated that he told his client that he was not an immigration attorney, but that there was "a potential, a very good potential[,] that he will be deported" and that "by entering this plea * * * there is a likelihood, a good likelihood, that he will be deported as a result of this conviction. That is one of the consequences of entering this plea, and I have advised [Hrnjak] of that." Counsel advised the trial court that he told Hrnjak to consult with an immigration attorney, which he did not do on account of the cost.

{¶13} Hrnjak acknowledged to the trial court that he performed his own online research that "[s]aid there is a possibility you could get deported * * * [b]ut it's very unlikely." The trial court responded in part that "[y]ou should understand that it is - - for this crime it is highly likely" that he would be deported. Hrnjak's counsel further indicated to the court that his client's father had contacted the Serbian Consulate in Cleveland. The trial court also stated that "this is not one of the charges that's kind of dicey about whether or not they will send you back." After this extended exchange on the record, and after the trial court advised him pursuant to Revised Code Section 2943.031 that conviction "may have consequences of deportation," Hrnjak proceeded to change his plea to guilty on the attempted burglary charge.

{¶14} Based on our review of the record, Hrnjak has failed to establish that his trial counsel's advice was deficient so as to deprive him of the effective assistance of counsel or that any alleged deficiency caused him prejudice. Both his counsel and the trial court tried to convince him that deportation was all but certain. While neither counsel nor the trial court used the word "mandatory" or explicitly stated that he would definitely be deported, it is clear from the record that Hrnjak was advised that there was a substantial risk of deportation if he pleaded guilty to the charge. It is equally clear from the record that Hrnjak chose to proceed with the plea despite having been told he would likely be deported. This is not a case wherein the

defendant was misadvised about the risk of deportation, such as in *Padilla*, or not advised at all. This is a case wherein the defendant proceeded to change his plea despite being told that he could be deported as a consequence of his conviction.

{¶15} Assuming arguendo that Hrnjak's attorney was deficient for not specifically stating that he would definitely be deported, Hrnjak's claim of ineffective assistance of counsel also fails because he did not set forth sufficient evidence that he was prejudiced. Hrnjak averred in the affidavit attached to his motion to withdraw his plea that neither his counsel nor the trial court told him that he faced "certain, definite removal" from the United States when he pleaded guilty to the attempted burglary charge. He does not, however, aver that he would have chosen to proceed to trial but for the alleged deficient advice. While Hrnjak argues in his appellate brief that, "[h]ad he been advised that removal was a certainty, he likely would have made very different choices," this is purely speculation without any evidentiary support.

{¶16} This Court notes that the trial court proceedings were not devoid of error. In its entry denying Hrnjak's motion to withdraw his guilty plea, the trial court found that "[i]f there was any deficiency [in counsel's advice], Mr. Hrnjak chose not to avail himself of a chance to correct that deficiency" by failing to consult with an immigration attorney. The trial court erred when it made this finding as *Padilla* clearly holds that the burden is on defense counsel to provide the correct advice. Nevertheless, the trial court's finding regarding the necessity of immigration counsel was harmless error under Criminal Rule 52(A) as Hrnjak's substantial rights were not affected due to the fact that he reported to the court and counsel that he had conducted his own research and he proceeded to change his plea even though he was sternly advised by both the court and his counsel that his own assessment of his deportation risk was incorrect.

{¶17} Hrnjak has not demonstrated that he was deprived of the effective assistance of counsel. Because his argument that his plea was not knowingly entered is predicated on his ineffective assistance of counsel claim, he has failed to prove that his plea was not entered knowingly. Based on the foregoing, this Court concludes that the trial court did not abuse its discretion in denying Hrnjak's motion to withdraw his guilty plea. Hrnjak's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. HRNJAK THE OPPORTUNITY TO BE HEARD IN A HEARING ON HIS MOTION.

{¶18} Hrnjak argues that the trial court abused its discretion when he was not afforded a hearing on his motion to withdraw his guilty plea prior to the court denying the motion. "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Razo*, 9th Dist. Lorain No. 05CA008639, 2005–Ohio–3793, ¶ 20, quoting *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003–Ohio–1001, ¶ 12.

{¶19} As noted above, the entire exchange between Hrnjak, his counsel and the trial court about the possible deportation consequences was contained in the record and demonstrates that Hrnjak received the effective assistance of counsel. Furthermore, Hrnjak's evidentiary materials (i.e. his affidavit) fail to aver that he would have chosen to proceed to trial on the charges if he had not received the alleged deficient advice. As both the record and the evidentiary materials submitted by Hrnjak demonstrate that he failed to establish a manifest

injustice, the trial court was not required to hold a hearing on his motion to withdraw his guilty plea. *Razo* at ¶ 20. Hrnjak's second assignment of error is overruled.

## III.

**{¶20}** Both of Hrnjak's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

**{¶21}** I concur in judgment only with regard to the majority's opinion. While I agree that Hrnjak's trial counsel's performance was not deficient, I would reach that conclusion on the authority of recent United States Supreme Court case law.

**{¶22}** The United States Supreme Court, in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), addressed the effectiveness of defense counsel who incorrectly advised his client who was prepared to accept a plea deal involving a drug offense that the conviction would not have an impact on his immigration status because he had been in this country for many decades. The *Padilla* court placed the burden of informing the defendant regarding the immigration implications of a plea on defense counsel and, recognizing the complexity of immigration law, distinguished that burden depending on whether the offense was one that clearly commanded removal, e.g., deportation, pursuant to the immigration statute, or whether the deportation consequences were unclear or uncertain pursuant to the statute. *Id.*, 130 S.Ct. at 1482-1483. Where the statute is unclear regarding the immigration consequences relative to the pending criminal charge, defense counsel's burden is limited and he need only "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 1483. On the other hand, where the statute is clear and specifically commands removal based on the pending charges, defense counsel must correctly advise him of that consequence. *Id.*

**{¶23}** Subsequently, the United States Supreme Court reiterated the analysis to be applied in determining whether a state criminal offense constitutes an "aggravated felony" under the Immigration and Nationality Act, so as to constitute a deportable offense. In *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), the high court reiterated the "categorical approach" in which the

critical question is whether the state statutory elements of the offense "categorically fit[] within the 'generic' federal definition of a corresponding aggravated felony." *Id.* at 1684. In other words, "the offenses must be viewed in the abstract, to see whether the state statute shares the nature of the federal offense that serves as a point of comparison." *Id.* Only where the state offense is articulated in a "divisible statute," i.e., one that lists one or more elements in that alternative, is it permissible to use the "modified categorical approach" in which limited documents like indictments and jury instructions may be reviewed "to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013).

{¶24} In this case, I would not conclude that it was clear that Ohio's attempted burglary statutes "categorically fit[] within the 'generic' federal definition of a corresponding aggravated felony." Accordingly, I would conclude that defense counsel's admonition to Hrnjak that his conviction for attempted burglary would likely result in his deportation was not deficient. Therefore, I concur in the majority's opinion, and I agree that the trial court's judgment should be affirmed.

APPEARANCES:

JENNIFER I. PEYTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.