[Cite as *State v. Huang*, 2014-Ohio-1511.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99945**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAO Z. HUANG

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-00-403717

**BEFORE:** Stewart, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

Philip J. Korey
410 Leader Building
526 Superior Avenue, East
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    T. Allan Regas
            Amy E. Venesile
            Kristen L. Sobieski
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant appellant Tao Huang appeals the trial court's denial of his motion to withdraw his 2001 plea of no contest to a domestic violence charge for which he was subsequently convicted. In 2012, Huang filed a motion to withdraw the plea after receiving notices from the U.S. Department of Homeland Security that he was facing deportation proceedings. In his motion, Huang argued that at the time of the plea, his trial counsel was ineffective because she failed to advise him that a plea of no contest to a domestic violence charge by a noncitizen mandates deportation proceedings. Huang also argued that the trial court should not have accepted his plea because it was not made knowingly and voluntarily and that the court failed to fully comply with Crim.R. 11. After a hearing on this issue, the trial court denied the motion. We affirm the decision of the trial court.

{¶2} Huang was born in China and entered the United States in 1990 as a lawful, permanent resident. He resided in the Cleveland area and initially worked as a waiter and restaurant manager for six years. During this time, Huang earned a bachelor's degree in psychology and later opened a Taoist healing studio.

{¶3} Huang was first convicted in the city of Rocky River in 1996 for domestic violence against his then wife. In March 2001, he was again indicted for domestic violence against his wife. He pled no contest to a fifth-degree felony domestic violence charge. He was convicted of the offense and sentenced to five years community control.

{¶4} In 2004, Huang was contacted by immigration authorities and was advised of a removal hearing. However, the hearing was canceled. Again, in 2011 and 2012, Huang received notices regarding deportation proceedings resulting from his criminal history. One of the notices, dated November 7, 2011, specified three convictions that included the 2001 domestic violence conviction, along with two convictions in 2009 for menacing by stalking and gross sexual imposition.

{¶5} In December 2012, Huang filed a motion to withdraw his 2001 no contest plea on the basis of ineffective assistance of counsel. The trial court held an evidentiary hearing on this issue. At the hearing, Huang's original counsel testified that she distinctly remembered having discussed issues relating to naturalization and immigration with Huang prior to his plea. Huang's motion to withdraw was denied.

{¶6} In his first two of four assignments of error, Huang argues that the trial court erred in overruling his motion to withdraw because, at the time of his plea, his trial counsel was ineffective. In particular, Huang argues that the general immigration warnings given by the trial court did not absolve Huang's trial counsel of her separate duty to inform him of the mandatory deportation proceedings he faced as a result of pleading no contest to a domestic violence offense. In his third assigned error, Huang claims his plea was not entered into knowingly or voluntarily because he was not fully aware of the consequences of the plea. In Huang's fourth and final assigned error, he asserts that the trial court erred in overruling his motion to vacate his plea because the

court failed to comply with Crim.R. 11 by not specifically advising him that he could not be compelled to testify against himself.

{¶7} Crim.R. 32.1 provides that:

[A] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Under the manifest injustice standard, "a post-sentence withdrawal motion is allowable only in extraordinary cases." *State v. Conner*, 8th Dist. Cuyahoga No. 98084, 2012-Ohio-3579, ¶ 5.

{¶8} This court reviews a denial of a motion to withdraw a no contest plea for an abuse of discretion. *Shaker Hts. v. Jackson*, 8th Dist. Cuyahoga No. 86161, 2006-Ohio-707, _ 9. And in order to establish that the assistance of counsel was ineffective, a defendant must show (1) deficient performance by his or her counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for the counsel's errors, the proceedings' outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶9} Huang argues that his trial counsel was ineffective for failing to warn him that a plea of no contest would trigger mandatory deportation proceedings,[1] and such a

---

[1] We note that both appellant and appellee seem to use interchangeably the concepts of pleading no contest to an offense and being convicted of an offense. Although the former, more

failure on the part of counsel created a manifest injustice. After reviewing the transcript from the evidentiary hearing on the motion to vacate, as well as the transcript from July 2001 when the no contest plea was entered, we find Huang's 2001 trial counsel properly warned him of the immigration consequences of his no contest plea.

{¶10} Huang's counsel testified:

[I]n reading, reviewing my file and in reading my notes, I clearly and distinctly remember going through issues regarding naturalization and immigration issues and was advised at the time that not only did he have me representing him in the criminal matter, but he had also sought — he had also sought the assistance of an immigration lawyer.

While Huang argues there was nothing written in his counsel's notes stating that immigration matters were discussed during the hearing on his motion to withdraw, counsel stated that in 2001 she specifically recalled warning Huang of the immigration consequences. She went on to testify that this is her standard practice with any noncitizen client facing criminal charges.

{¶11} Huang cites *Padilla v. Kentucky*, 559 U.S. 356, 367, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), to stand for the proposition that a lawyer has an affirmative duty to specifically advise his client on the immigration consequences of a guilty or no contest plea. Huang argues that his trial counsel never told him that with his no contest plea, deportation proceedings were mandatory, not merely a possibility. According to Huang, had he been aware that his plea would trigger mandatory deportation proceedings, he

---

often than not, results in the later, 8 U.S.C. 1227(a)(2)(E)(i) specifically states that "any alien who * * * is *convicted* of a crime of domestic violence is deportable." (Emphasis added.)

would have chosen to go to trial rather than enter a plea of no contest. Huang asks this court to draw the distinction between being told that deportation proceedings are possible versus being told they are mandatory. However, such a distinction is unsupported by case law.

{¶12} In *Padilla*, the United States Supreme Court determined that the "weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* at _ 367. However, we find the facts of *Padilla* are not comparable to this case because *Padilla* involves an attorney giving his client the false assurance "not to worry" about his immigration status. *See Padilla* at 359.

{¶13} *State v. Hrnjak*, 9th Dist. Summit No. 26554, 2013-Ohio-5726, presents a more similar set of circumstances. The defendant in *Hrnjak*, a noncitizen, was indicted for burglary, one count of grand theft, and one count of tampering with evidence. Pursuant to plea negotiations, he pleaded guilty to attempted burglary, a felony of the third degree, and the remaining charges were dismissed. During the plea hearing, defendant was advised of the possible immigration consequences of his plea by both the trial court and his defense counsel. Nearly two years later, the defendant filed a petition for postconviction relief to withdraw his guilty plea to correct a manifest justice. *Id.* at _ 4. Citing *Padilla*, he argued that he did not knowingly enter his plea because he was not aware that his conviction would have an adverse impact on his immigration status. *Id.* In affirming the decision of the trial court, the Ninth District appellate court stated:

> While neither counsel nor the trial court used the word "mandatory" or explicitly stated that he would definitely be deported, it is clear from the

record that [the defendant] was advised that there was a substantial risk of deportation if he pleaded guilty to the charge. It is equally clear from the record that [the defendant] chose to proceed with the plea despite having been told he would likely be deported. This is not a case wherein the defendant was misadvised about the risk of deportation, such as in *Padilla*, or not advised at all. This is a case wherein the defendant proceeded to change his plea despite being told that he could be deported as a consequence of his conviction.

*Id.* at _ 14.

{¶14} In *State v. Bains*, 8th Dist. Cuyahoga No. 94330, 2010-Ohio-5143, _ 25, this court citing *Padilla* held that failure to inform a noncitizen client that he faces a risk of deportation can satisfy the first prong of an ineffective assistance of counsel claim by demonstrating that counsel's performance was deficient. *Id.* Notwithstanding this first prong, however, a defendant alleging ineffective assistance of counsel must still demonstrate prejudice as a result. *Id.* We find Huang's claims that he would not have pleaded no contest and would have gone to trial had he known the consequences of pleading guilty are unpersuasive to demonstrate a prejudice suffered. Even if this court were to accept that Huang's counsel should have done more to highlight the ramifications of a domestic violence conviction at the time Huang pled no contest, Huang fails to demonstrate that, but for his counsel's failure to properly advise him, he would have prevailed against the domestic violence charge at trial.

{¶15} In *State v. Bieksza*, 10th Dist. Franklin Nos. 12AP-176, 12AP-177, 2012-Ohio-5976, the Tenth District faced a similar issue. In that case, the defendant, a noncitizen, pleaded guilty in two cases: he pleaded to one count of importuning in one case and five counts of pandering obscenity in the other. The Department of Homeland

Security subsequently initiated removal proceedings against the defendant. In response to the threat of removal from the United States, the defendant moved to withdraw his plea and to vacate his two convictions. The trial court denied his motion. On appeal, the defendant argued that the trial court abused its discretion by not permitting him to withdraw his plea because he received ineffective assistance of counsel. The defendant claimed that his counsel told him there was only a "very small possibility" that his immigration status would be affected by his plea and that but for the conduct of his lawyer, he would have gone to trial because he had "nothing to lose" by doing so. *Id.* at _ 13-15. The Tenth District found no error. The court reasoned that the counsel's conduct did not equate to offering the defendant objectively incorrect advice. *Id.* at _ 23.

{¶16} Lastly, regarding his ineffective assistance claims, we find that Huang's motion was untimely. Huang had notice of immigration issues years prior to moving to withdraw his plea. In 2004, Huang was contacted by immigration authorities and a deportation-removal hearing was scheduled. This alone should have put Huang on notice that his legal issues were compromising his ability to lawfully remain in the United States. Yet, despite this warning, Huang did not make any effort to withdraw his no contest plea. It was only after his 2009 conviction for menacing by stalking, followed by his receipt of the removal letters in 2011 and 2012, that Huang decided to revisit his 2001 no contest plea.

{¶17} The state has an interest in maintaining the finality of a conviction in a case that has been closed for an extended period of time. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, _ 40. Here, Huang has waited too long since first receiving notice of possible immigration consequences to file his withdrawal motion. "It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." *Id.* Allowing Huang to withdraw his plea would prejudice the state's ability to prosecute the underlying domestic violence charge. We overrule Huang's first and second assignments of error.

{¶18} Huang's third and fourth assigned errors — that his plea was entered in violation of Crim.R. 11 because he was not fully aware of the consequences of his plea and the trial court failed to specifically advise him that he could not be compelled to testify against himself — are likewise without merit.

{¶19} A trial court must follow the dictates of Crim.R. 11(C)(2) in order to ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily made by a defendant. *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, _ 9. Under Crim.R. 11(C)(2), the court must address a defendant personally and (1) determine that he or she understands the nature of the charges and the maximum penalty involved, (2) inform the defendant of and determine that he or she understands the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence; and

(3) inform the defendant of, and determine that he or she understands, the constitutional rights that are given up by entering into the plea. Crim.R. 11(C)(2)(a)-(c).

{¶20} Under R.C. 2943.031(A), trial courts, prior to accepting pleas from noncitizens, must advise of the three collateral consequences that may occur as a result of a conviction for a felony or misdemeanor, other than a minor misdemeanor. *State v. Tejeda*, 8th Dist. Cuyahoga No. 96518, 2011-Ohio-4960, _ 7. These consequences include deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. *Id.*

{¶21} The trial court properly determined that Huang's plea was made knowingly and voluntarily by explaining the possible immigration consequences of his no contest plea should he be convicted of the offense. Prior to accepting Huang's plea, the court made the following statement to which Huang responded affirmatively.

COURT: Mr. Huang, if you are not a citizen of the United States, be advised a conviction of the offense which you are pleading may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Do you understand that?

{¶22} Additionally, the court complied with Crim.R.11 when it throughly explained to Huang the rights he was giving up by pleading no contest. Huang asserts that his motion to withdraw his 2001 plea should have been granted because at the time of

the plea, while the court stated Huang had the "right not to testify," the court did not fully explain his right not to be compelled to testify against himself. We find this to be a distinction without a difference. Ohio courts have determined:

> [A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

*State v. Bassett*, 8th Dist. Cuyahoga No. 90887, 2008-Ohio-5597, _ 16; *see State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶23}** Here, at the July 2001 hearing before accepting Huang's plea, the court made the following statement:

> COURT: The Constitution of the United States and the State of Ohio guarantee to you both the right to a trial by jury in case. You also have the right to confront witnesses which the State of Ohio would present against you at trial.
>
> You have the right to compulsory process. That means you have the right to use the subpoena power of the court to compel or force attendance at trial of any person who can offer testimony on your behalf.
>
> You have the right to have the State of Ohio prove you guilty beyond a reasonable doubt of each and every element of the crime which you have been charged. And you have the right not to testify at trial, no one can comment on your silence.
>
> By pleading guilty today, you're waiving or giving up all those rights.

**{¶24}** The court specifically told Huang that he had the right not to testify at trial and that no one could comment on his right to remain silent. This court has held that the right not to testify is the same as stating that a defendant cannot be compelled to testify. *See State v. Marks*, 8th Dist. Cuyahoga No. 92548, 2009-Ohio-6306 (a trial court's advisement that a defendant has the right not to testify could not have led to any confusion because when a defendant is instructed that he has the "right to remain silent" and the "right not to testify at trial," it follows that he cannot be compelled to testify against himself). There is no requirement that a trial court use specific language when informing a defendant of a constitutional right for purposes of Crim.R. 11(C), only that the defendant be sufficiently appraised of the enumerated rights. *Marks* at _ 15.

**{¶25}** Huang informed the court that he both understood all his rights and did not have any questions. He also told the court that he was satisfied with the performance of his trial counsel. Therefore, we find the trial court properly complied with Crim.R. 11. Huang's third and fourth assigned errors are overruled.

**{¶26}** Having found that Huang has not demonstrated any manifest injustice that would have required the trial court to vacate his plea, we affirm.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.     A     certified

copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of

Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR