[Cite as *State v. Cousino*, 2016-Ohio-5278.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JUSTIN P. COUSINO

    Appellant

C.A. Nos.    15CA010870
                  15CA010871

APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE Nos.    14TRC04437
                  14CRB00754

DECISION AND JOURNAL ENTRY

Dated: August 8, 2016

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Justin Cousino, appeals the judgment of the Oberlin Municipal Court. We affirm.

I.

**{¶2}** On September 26, 2014, at roughly 2:30 a.m., an Amherst Police Department officer discovered Cousino asleep in his vehicle on State Route 58. During this time, Cousino's vehicle was straddling two southbound lanes of traffic. The police officer ultimately placed Cousino under arrest.

**{¶3}** Cousino was charged with the following offenses in Case No. 14CRB00754: (1) O.V.I. in violation of R.C. 4511.19(A)(1)(a); (2) possession of marijuana in violation of R.C. 2925.11(C)(3)(a); and (3) possession of drug paraphernalia in violation of R.C. 4529.141. Additionally, Cousino was charged with the following offenses in Case No. 14TRC04437: (1)

driving in marked lanes or continuous lines of traffic in violation of Amherst Codified Ordinance ("A.C.O.") 331.08; and (2) stopping a vehicle so as to impede or block the normal and reasonable movement of traffic in violation of A.C.O. 333.04. Cousino pled not guilty to all of the charges.

{¶4} On January 21, 2015, as a result of negotiations between Cousino's attorney and the prosecutor, Cousino elected to change his plea. Cousino withdrew his not guilty pleas and pled no contest to O.V.I. and possession of marijuana in exchange for the State dismissing the remaining charges. The trial court accepted Cousino's no contest pleas and found him guilty of both charges. On March 5, 2015, the trial court sentenced Cousino to 180 days in jail with 170 days suspended on certain conditions.

{¶5} On March 17, 2015, Cousino filed a pro se motion to vacate his no contest pleas. On April 1, 2015, Cousino filed an amended motion to vacate his pleas. The trial court held a hearing on Cousino's motion. On July 24, 2015, the trial court denied Cousino's motion to vacate his no contest pleas. The trial court subsequently issued a nunc pro tunc on October 13, 2015, amending its July 24, 2015 judgment entry to include the criminal case number in the caption, thereby entering judgment on the criminal case for the first time.

{¶6} Cousino filed timely notices of appeal from the trial court's nunc pro tunc entry for both his criminal and traffic case. This Court consolidated the appeals.

II.

{¶7} Cousino's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she has reviewed the record and concluded there are no meritorious issues therein to pursue on appeal. Cousino's counsel has also moved to withdraw in this matter. The record indicates that Cousino was served with a copy of his counsel's brief, and this Court

issued a magistrate's order affording Cousino an opportunity to raise arguments after review of the *Anders* brief. Cousino subsequently filed a pro se brief wherein he raises one additional issue for our review.

### A. Potential Assignments of Error

### 1. Appellate Counsel's Proposed Assignment of Error

**{¶8}** In her *Anders* brief, Cousino's counsel identified one possible issue for appeal, but concluded that it was not meritorious. Counsel questioned whether the trial court erred by refusing to vacate Cousino's no contest plea after sentencing had already taken place. However, upon review of the trial and sentencing transcripts, as well as the applicable law, counsel concluded that the trial court did not err by denying Cousino's motion to vacate his plea.

**{¶9}** Crim.R. 32.1 provides that a trial court may not grant a defendant's post-sentence motion to withdraw a no contest plea except to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice. *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, a post-sentence motion to withdraw a plea is allowable only in extraordinary cases. *Smith* at 264. Absent an abuse of discretion, an appellate court will not reverse a trial court's denial of a motion to withdraw a no contest plea. *State v. Huang*, 8th Dist. Cuyahoga No. 99945, 2014-Ohio-1511, ¶ 8. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶10} Here, Cousino filed his motion to vacate his no contest pleas 12 days after being sentenced. As such, Cousino bears the burden of establishing a manifest injustice in this matter. At the hearing on his motion to vacate his pleas, Cousino argued that he received ineffective assistance of counsel because his trial counsel failed to file a suppression motion and failed to inform the trial court of certain mitigating factors prior to sentencing.

{¶11} However, after reviewing the record, we agree with appellate counsel's assessment that this potential assignment of error lacks arguable merit. The record reflects that the trial court substantially complied with Crim.R. 11 prior to accepting Cousino's no contest pleas and finding him guilty of the charged offenses. Part of the Crim.R. 11 colloquy included the trial court asking Cousino whether he was threatened or promised anything to induce his change of plea. Cousino denied that any threats or promises were made. The trial court also explicitly asked Cousino if there was anything about the change-of-plea proceeding that he did not understand. Cousino replied that there was not. The trial court asked Cousino if he wanted to plead no contest instead of going to trial. Cousino replied that he did. The trial court also asked if Cousino had any questions that he wanted to ask. Cousino replied that he did not.

{¶12} Cousino was also afforded an opportunity to object or voice concern about his trial counsel's performance during the colloquy. During the colloquy, the trial court explicitly asked Cousino if he was satisfied with his trial counsel's services. Cousino replied, "Absolutely." As such, Cousino cannot now argue that he received ineffective assistance or was otherwise unhappy with his trial counsel's performance. *See State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 9 (stating that the proper time for a defendant to complain about his trial counsel's performance is during the Crim.R. 11 colloquy, "rather than sit on his hands and later complain about counsel after the sentence was imposed.").

{¶13} Accordingly, we agree with appellate counsel that this proposed assignment of error lacks arguable merit.

## 2. Cousino's Proposed Assignment of Error

{¶14} In his supplemental pro se brief, Cousino argues that he received ineffective assistance of counsel due to his trial counsel's failure to file a motion to suppress the drug-related evidence in this matter. Specifically, Cousino contends that his prosecution for O.V.I. and possession of marijuana violated his religious liberties under the First Amendment because cannabis usage is sacred to the Oklevueha Native American Church, to which he belongs. At the outset, we again note that Cousino did not object to his trial counsel's performance when given the opportunity to do so during the Crim.R. 11 colloquy.

{¶15} "On the issue of counsel's ineffectiveness, [Cousino, as the Appellant,] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, ¶ 62. To prove ineffective assistance of counsel, Cousino must establish that (1) his counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's [deficient performance], the result of the trial would have been different." *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. This Court need not address both prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray,* 9th Dist. Summit No. 22459, 2005–Ohio–4941, ¶ 10.

{¶16} After reviewing the entire record, we conclude that Cousino's proposed assignment of error lacks arguable merit. In his pro se supplemental brief, Cousino has failed to provide this Court with any legal authority indicating that suppression of evidence is an

appropriate remedy for First Amendment violations. *See United States v. Walker*, 771 F. Supp.2d 803, 814 (W.D. Mich.2011) (overruling defendant's suppression motion on the basis that no legal authority was cited, or otherwise known to the court, indicating that suppression of evidence is an appropriate remedy for First Amendment violations). Accordingly, we determine that Cousino has failed to meet his burden of supporting such an argument with legal citations. *See* App.R. 16(A)(7). And as such, we also determine that Cousino has failed to meet his burden of demonstrating that his trial counsel was ineffective for not filing a suppression motion for an alleged First Amendment violation.

### B. *Anders* Review

{¶17} Upon this Court's own full, independent examination of the record, we agree with Cousino's appellate counsel that there are no appealable, non-frivolous issues in this case. *See State v. Randles,* 9th Dist. Summit No. 23857, 2008–Ohio–662, ¶ 6; *State v. Lowe,* 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *2 (Apr. 8, 1998). As such, we grant appellate counsel's motion to withdraw.

### III.

{¶18} Having reviewed the entire record and having found that no appealable issues exist, we conclude that Cousino's appeal is meritless and wholly frivolous under *Anders*. The motion of Cousino's appellate counsel to withdraw is therefore granted. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANN C. ECKSTEIN, Attorney at Law, for Appellant.

GREGORY FERRELL, Prosecuting Attorney, for Appellee.