[Cite as *State v. Gilmore*, 2012-Ohio-2216.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97844**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEVIN J. GILMORE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-493778, CR-498126, CR-498813, and CR-499150

**BEFORE:** Keough, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**FOR APPELLANT**

Kevin J. Gilmore, pro se
Inmate #553-065
P.O. Box 5500
Chillicothe, OH 45601

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Kevin J. Gilmore, pro se, appeals the trial court's judgment denying his "motion to vacate void and illegal judgment and sentence." For the reasons that follow, we affirm.

## I. Procedural History

{¶2} In 2007, Gilmore was indicted in four separate cases.[1] After a bench trial in Case No. CR-498813, the trial court found Gilmore guilty of failure to comply with an order or signal of a police officer and having a weapon while under a disability, as well as the one-year firearm specifications attached thereto. The court acquitted Gilmore of the other three charges. Subsequently, Gilmore entered guilty pleas as to all charges in the other three cases. On August 25, 2008, the trial court sentenced Gilmore in all four cases to a total prison sentence of nine years.

{¶3} This court affirmed Gilmore's convictions on appeal. *State v. Gilmore*, 8th Dist. Nos. 92106, 92107, 92108, and 92109, 2009-Ohio-4230 ("*Gilmore I*"). The Ohio Supreme Court declined jurisdiction over Gilmore's appeal. *State v. Gilmore*, 125 Ohio St.3d 1450, 2010-Ohio-2510, 927 N.E.2d 1129.

---

[1]CR-493778, CR-498126, CR-498813, and CR-499150.

{¶4} Gilmore then filed a "motion to vacate void and illegal judgment and sentence" in the trial court. In his motion, Gilmore argued that his sentence in Case No. CR-498813 was void because the trial court had not made adequate findings at trial to determine the level of penalty on the firearm specifications. He argued further that the trial court had failed to advise him of postrelease control before accepting his guilty pleas in the other three cases and, therefore, his pleas were not knowingly, voluntarily, and intelligently made and should be vacated.

{¶5} The trial court denied Gilmore's motion. It ruled that it had properly advised Gilmore of postrelease control and that Gilmore's challenge to his convictions was barred by the doctrine of res judicata. Gilmore appeals from this judgment.

## II. Analysis

{¶6} In his single assignment of error, Gilmore challenges the trial court's denial of his motion to vacate. Specifically, he contends that his sentence was "void," and therefore not subject to the res judicata bar, because the trial court failed to properly advise him of postrelease control before accepting his guilty pleas, and did not make adequate findings at trial in Case No. CR-498813 to determine the level of penalty for the firearm specifications.

{¶7} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings except an appeal from that judgment, any defense or any claimed lack of due process that was raised, or could have been raised, by the defendant at the trial that

resulted in the judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. This doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶8} While Gilmore correctly asserts that res judicata does not preclude review of a "void" sentence,[2] the doctrine "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus. Thus, to survive the res judicata bar, Gilmore was required to demonstrate that his sentence was "void."

{¶9} Gilmore's motion failed to demonstrate any error, much less "void" sentencing error. The record reflects that Gilmore did not attach transcripts of the trial, plea, or sentencing hearings to his motion to vacate. In the absence of such transcripts, the trial court was permitted to presume that Gilmore was properly informed of postrelease control before it accepted his guilty pleas and at sentencing, and that the trial court made adequate findings at trial to support Gilmore's convictions. *State v. Falkenstein*, 8th Dist. No. 96659, 2011-Ohio-5188, ¶ 3, fn.1; *State v. Harden*, 2d Dist.

---

[2] "[P]rinciples of res judicata do not apply to void sentences because, by definition, a void sentence means that no final judgment of conviction has been announced." *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 8.

No. 23742, 2010-Ohio-5282, ¶ 17. Likewise lacking any transcripts, we have no record on which to review the trial, plea, or sentencing hearings, and in that circumstance, must presume the regularity and validity of the trial court's proceedings and affirm. *Id.*, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶10} Moreover, even if Gilmore's sentence were void, the doctrine of res judicata applies to the arguments he raised in his motion to vacate and on appeal. In *State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, this court considered the impact of res judicata on a motion to withdraw a guilty plea filed after the imposition of a void sentence. This court concluded that "the application of res judicata to a motion to withdraw a guilty plea is not impacted by a void sentence." *Id.* at ¶ 9. Thus, this court affirmed the trial court's denial of the defendant's motion to vacate his plea on the basis that he had been misinformed at his plea hearing about postrelease control. This court held that "Fountain could have raised that issue on direct appeal [and,] [t]herefore, his motion is barred by res judicata." *Id.* at ¶ 11. *See also State v. Gross*, 8th Dist. No. 93819, 2010-Ohio-3727 (defendant's sentence was void, requiring de novo resentencing, where the trial court failed to properly advise defendant of postrelease control at sentencing but res judicata barred consideration of defendant's motion to withdraw his plea because defendant did not raise the issue on direct appeal).

{¶11} Here, although Gilmore titled his motion "motion to vacate void and illegal judgment and sentence," it was in essence a motion to withdraw his guilty pleas with respect to the three cases in which he pled guilty. But like the defendant in *Fountain*,

Gilmore could have raised any issue regarding the adequacy of the trial court's postrelease control advisement during the plea colloquys on direct appeal. Because he did not do so, the issue is barred by res judicata.[3]

{¶12} Likewise, because Gilmore did not raise any issue on direct appeal regarding the adequacy of the trial court's findings on the firearm specifications in Case No. CR-498813, the doctrine of res judicata bars any further consideration of those issues. Accordingly, the trial court properly denied Gilmore's "motion to vacate void and illegal judgment and sentence."

{¶13} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR

---

[3]Furthermore, Gilmore challenged the voluntariness of his pleas in *Gilmore I*, and this court found that his pleas were entered knowingly, intelligently, and voluntarily. Accordingly, any issue about his pleas is barred by res judicata.