[Cite as *State v. Lovano*, 2014-Ohio-3418.]

# Court of Appeals of Ohio

APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100578

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**SALVATORE LOVANO**

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-93-290205

**BEFORE:** Stewart, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Edward Fadel
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Margaret W. Wong
Scott E. Bratton
Margaret Wong & Associates Co.
3150 Chester Avenue
Cleveland, OH    44114

MELODY J. STEWART, J.:

{¶1} R.C. 2943.031(A) requires the court, prior to accepting a guilty plea, to advise a defendant who is not a citizen of the United States that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The issue in this appeal is whether the court abused its discretion by granting a motion to withdraw a guilty plea, made 19 years after the fact, premised on its failure to give the advisement.

I

{¶2} In May 1993, defendant-appellee Salvatore Lovano, a Canadian citizen lawfully residing in the United States, pleaded guilty to one count of felony theft and two misdemeanor counts of attempted passing bad checks and was convicted of those offenses. Nineteen years later, Lovano was convicted of aggravated assault. Facing deportation because he had been convicted of more than one crime involving moral turpitude, in July 2012, Lovano filed a motion to withdraw the 1993 guilty plea. Filing the motion pursuant to both R.C. 2943.031 and Crim.R. 32.1, Lovano claimed that neither the court nor defense counsel advised him at the time of his 1993 plea that a conviction could have adverse consequences involving deportation. Lovano supported the motion with an affidavit to that same effect.

The parties agreed that the 1993 plea proceedings had not been transcribed and that the court reporter had long since disposed of the case notes. The lawyer who represented Lovano in 1993 testified at a hearing that he recalled representing Lovano, but could not "recall any privileged communications or non-privileged communications with my client in this matter." The lawyer also had no specific recollection of the court giving the R.C. 2943.031 advisement.

{¶3} The state argued that the motion to withdraw the guilty plea was untimely. It noted that by October 1993, Lovano had actual notice that his conviction could lead to possible deportation, yet failed to take action to withdraw the plea at the time. It cited as proof of Lovano's notice an October 1993 journal entry resetting a hearing on Lovano's violation because deportation proceedings had commenced against Lovano. The state further argued that Lovano's delay in seeking to withdraw his guilty plea resulted in demonstrable prejudice to it. It claimed that the trial lawyer's inability to recall the specifics of the 1993 plea was proof that the claim was stale. It told the court that it had not preserved evidence from a 19 year-old case, so it would be highly prejudiced in reprosecuting the case.

{¶4} Lovano acknowledged that deportation proceedings had commenced against him in 1993, but claimed that he received a "waiver" at that time that allowed him to remain in the United States. He said that "I thought the waiver

eliminated the case for immigration purposes but I recently learned that this is not correct." Lovano Affidavit at ¶ 6. It was not until after his 2012 conviction that he learned that he was subject to deportation because he had been convicted of more than one crime involving moral turpitude. Finally, he claimed that he would not have pleaded guilty in 1993 had he been made aware that the conviction could be used as a basis for deportation.

{¶5} The court took the matter under advisement and then granted the motion to withdraw the guilty plea without opinion.

{¶6} The state appeals, arguing in two assignments of error that the trial court erred by granting the motion to withdraw the guilty plea because it was untimely under both R.C. 2943.031(D) and Crim.R. 32.1.

II

{¶7} Under R.C. 2943.031(E), the absence of a record showing that the court gave the advisement required by R.C. 2943.031(A) creates a presumption that the advisement was not given. Hence, when an advisement is not given, when the defendant shows that he is not a United States citizen, and when the defendant shows that deportation consequences exist from having pleaded guilty to the crime, the court must "set aside the judgment and permit the defendant to withdraw a plea of guilty" to a conviction for an offense that may result in the defendant being deported. R.C. 2943.031(D).

{¶8} Withdrawal of a guilty plea is not automatic simply because the court failed to give the R.C. 2943.031(A) advisement. The decision to set aside a judgment of conviction and allow the defendant to withdraw a guilty plea is committed to the sound discretion of the court. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. The court is allowed to take into account "many factors" when considering whether to grant a motion to withdraw a guilty plea based on the court's failure to give the R.C. 2943.031(A) advisement. *Id*. at ¶ 36. Although the Ohio Supreme Court did not list what factors the court could consider, it did state that "untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw." *Id*. at ¶ 42.

III

{¶9} The state argues that Lovano failed to establish that he was entitled to relief under R.C. 2943.031(D) because he did not demonstrate that the court failed to give him the required advisement. It maintains that the only proof that the court failed to give the advisement is contained in Lovano's "self-serving" affidavit — an affidavit that the court should have discounted.

{¶10} We need not consider whether the court erred by finding Lovano's affidavit credible because the state's argument ignores the import of R.C. 2943.031(E). That section states: "In the absence of a record that the court provided the advisement described in division (A) of this section and if the

advisement is required by that division, the defendant shall be presumed not to have received the advisement." It is undisputed that the transcript of the plea hearing is unavailable and that no other evidence exists to prove that the court gave the advisement. This constitutes an "absence of a record" that the court provided the advisement. Even had the court struck Lovano's affidavit as self-serving (or even if Lovano had not offered an affidavit at all), the state's concession that there is no record that the court gave the advisement was enough to oblige the court to presume that the advisement was not given.

IV

{¶11} The state's primary argument is that the court abused its discretion by failing to find the motion to withdraw the guilty plea untimely because 19 years passed from the date of the conviction to the date of the motion to withdraw the plea.

{¶12} In *Francis*, the Supreme Court stated:

Timeliness of the motion is just one of many factors the trial court should take into account when exercising its discretion in considering whether to grant the motion. The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time.

However, at the same time, we also do not accept the court of appeals' determination that, as a matter of law, untimeliness here was a sufficient factor in and of itself to justify the trial court's decision to deny the motion. In light of the strong policy expressed within R.C. 2943.031(D), we reject the court of appeals' approach in this regard, particularly when the trial court, which did not explain its ruling, never found that appellant's delay in moving to withdraw the plea was unreasonable. It is too great a leap on this meager record to conclude, with no further inquiry, that appellant's delay in filing the motion was unreasonable as a matter of law.

*Id*. at ¶ 41-42.

{¶13} With these principles in mind, we conclude that the court acted arbitrarily and unreasonably by granting Lovano's motion to withdraw the guilty plea made 19 years after the fact. It is true that the Supreme Court made it plain that it would not create a bright-line rule on the timing of motions brought under R.C. 2943.031(D) and that the timeliness of the motion would be but one factor underlying the court's discretion to grant a motion to withdraw a plea. *Id*. at ¶ 42. Nevertheless, the concept of "timeliness" discussed in *Francis* involves more than just the numerical calculation of the number of years between entering the plea and the motion to withdraw the plea. As *Francis* noted, subsumed within timeliness is the prejudice to the state in terms of stale evidence and unavailability of witnesses.

{¶14} Lovano's motion to withdraw his guilty plea was untimely for two reasons. First, and most obviously, the motion was untimely because he waited 19 years to file it. Again, while the timeliness of the motion cannot be considered

dispositive as a matter of law, there is no doubt that 19 years is an exceptionally lengthy lapse of time between the plea and the motion to withdraw the plea.

{¶15} Second, the 19-year lapse of time became all the more egregious because Lovano did not file a motion to withdraw the guilty plea despite being aware just one month after his May 1993 conviction that it could lead to deportation. He concedes that he was ordered in June 1993 to show cause why he should not be deported for having committed the acts underlying his May 1993 guilty plea. That conviction did not lead to his deportation because an immigration judge granted a waiver under former Section 212(c), 8 U.S.C. 1182(c) (repealed in 1996). Nevertheless, commencement of deportation proceedings alone was enough to put Lovano on notice that his May 1993 guilty plea had immigration consequences and that he must act with alacrity to protect his privilege to remain in the United States.

{¶16} We recently considered a similar set of facts in *State v. Huang*, 8th Dist. Cuyahoga No. 99945, 2014-Ohio-1511. Huang was convicted of domestic violence in 1996 and 2001. Deportation proceedings commenced against him in 2004, but those proceedings were cancelled. Deportation proceedings were recommenced after Huang was convicted of gross sexual imposition and menacing by stalking in 2009. In 2012, he sought to withdraw his no contest plea underlying the 2001 conviction on grounds that counsel was ineffective for failing to warn him

that his no contest plea could have immigration consequences. The court denied the motion to withdraw and we affirmed. Quoting the principle that "[i]t is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time[,]" *Francis*, 104 Ohio St.3d 490, at ¶ 40, we stated:

> Lastly, regarding his ineffective assistance claims, we find that Huang's motion was untimely. Huang had notice of immigration issues years prior to moving to withdraw his plea. In 2004, Huang was contacted by immigration authorities and a deportation-removal hearing was scheduled. This alone should have put Huang on notice that his legal issues were compromising his ability to lawfully remain in the United States. Yet, despite this warning, Huang did not make any effort to withdraw his no contest plea. It was only after his 2009 conviction for menacing by stalking, followed by his receipt of the removal letters in 2011 and 2012, that Huang decided to revisit his 2001 no contest plea.

*Id*. at ¶ 17.

{¶17} The principles we applied in *Huang* apply with even more force to this case because the eight-year delay in bringing a motion to withdraw that we deemed unreasonable in that case is far-eclipsed by the 19-year delay in this case. And it bears noting that Lovano's excuse for not taking earlier action to withdraw his guilty plea — he thought the deportation waiver "eliminated the case for immigration purposes" — is not a valid excuse for the 19-year delay. The law does not excuse willful ignorance. Having been put on notice that his 1993 conviction could lead to deportation, Lovano had the duty to exercise due diligence

and seek advice from legal counsel at that point in time. It was unreasonable for the court to give no consideration at all to Lovano's failure to act when he had notice that his 1993 conviction had deportation consequences.

{¶18} The 19-year delay in seeking to withdraw the guilty plea has also severely prejudiced the state's ability to proceed with a prosecution. *Francis* made it clear that the state has an interest in maintaining the finality of a conviction in a case that has been closed for an extended period of time. *Francis, supra*, at ¶ 40; *Huang* at ¶ 17.

{¶19} The state told the court that any evidence of Lovano's guilt had long-since been destroyed. In addition, the state told the court that Lovano had engaged in a "fairly complex check scheme" involving a codefendant and multiple locations where they passed bad checks. Given the passage of time, the state would be severely prejudiced in recreating a case to prosecute.

{¶20} Finally, the court's decision could be viewed as appearing to rest, at least in part, on its belief that the state had no viable interest in continuing to prosecute Lovano for passing bad checks. During the hearing on the motion to withdraw the guilty plea, the court asked the state: "What is the State's interest in maintaining this particular conviction of a 1993 low level passing bad check case, other than just maintaining it?" That question was unwarranted because the prosecuting attorney has sole discretion to prosecute crimes. *Bordenkircher v.*

*Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604. The court's question also gave the impression that the court thought it pointless to prosecute Lovano again. Whether this was the court's actual intention is impossible to determine from the transcript. But it bears mentioning that the court's sentiments appear sympathetic toward Lovano's lack of diligence in seeking to withdraw his plea. By waiting so long to withdraw his plea, Lovano was able to take advantage of a court reporter destroying stale transcript notes, thus triggering the statutory presumption that the R.C. 2943.031(A) advisement was not given. Furthermore, Lovano's delay has also enabled him to benefit from the state disposing of what it very reasonably thought after so long a period of time was unneeded evidence. With Lovano's 1993 defense attorney unable to recall any specifics of the case, it seems that the state would be hard-pressed to find witnesses with a better recollection more than 20 years after the fact.

{¶21} The court's decision to grant Lovano's motion to withdraw his guilty plea not only allows Lovano to benefit from his own dilatory conduct, it undermines any notion that criminal judgments should be final. Lovano has undeniably known for 19 years that his 1993 guilty plea had deportation consequences, so he cannot reasonably claim otherwise as a basis for seeking the withdrawal of his plea. Meanwhile, Lovano's delay has caused demonstrable prejudice to the state in terms of mounting a new prosecution. The court's

intimation that there was no point to reprosecuting a "low level passing bad check case" is a value judgment that resides solely with the prosecuting attorney, and underscores the arbitrariness of the court's decision to grant the motion to withdraw the guilty plea. The first assignment of error is sustained. The second assignment of error is moot.

{¶22} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR