[Cite as *State v. Preciado*, 2015-Ohio-19.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101257**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RAFAEL PRECIADO**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-93-297237-ZA

**BEFORE:** Keough, J., Celebrezze, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 8, 2015

**ATTORNEY FOR APPELLANT**

Francis R. Krajenke
815 Superior Avenue, Suite 1225
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Hammond
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Rafael Preciado, appeals the trial court's denial of his motion to withdraw his 1993 guilty plea to attempted forgery, for which he was subsequently convicted. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} Preciado is not an American citizen and is not in the United States lawfully. In June 1993, he was indicted on one count of forgery, one count of uttering, one count of possessing criminal tools, and one count of drug abuse. The charges stemmed from Preciado's attempt to obtain a temporary driving permit using a fake social security card.

{¶3} In July 1993, pursuant to a plea agreement, Preciado pleaded guilty to an amended count of attempted forgery, a first-degree misdemeanor, and the remaining counts were nolled. On July 22, 1993, the trial court sentenced him to six months incarceration, suspended the sentence, and ordered him to serve six months probation and 50 hours of community work service.

{¶4} Over 20 years later, on March 7, 2014, Preciado filed a motion to vacate his plea. He argued that his plea and conviction should be vacated because he was subject to removal proceedings by the immigration authorities as a result of his plea, but the trial court had not appointed an interpreter for him at the plea hearing, and neither the trial court nor his lawyer had advised him of the immigration consequences of his guilty plea. Attached to Preciado's motion were the trial court's judgment entry dated July 22, 1993, his affidavit, and a "Notice of Hearing in Removal Proceedings" dated September 23, 2010, advising Preciado of a hearing before the Immigration Court on December 29, 2010.

**{¶5}** The trial court denied the motion, finding that Preciado had "failed to move to vacate in a timely manner following notice of pending deportation proceedings." Further, the court noted that because no transcript of the plea hearing had been filed, and court reporters' notes are routinely destroyed, there was no longer any evidence regarding whether Preciado had been advised of the immigration consequences of his plea.

**{¶6}** This appeal followed.

II. Law and Analysis

A. Standard of Review

> Because [Preciado's motion to vacate] is a postsentence motion to withdraw a guilty plea, we apply Crim.R. 32.1, which permits a criminal defendant to withdraw a plea after the imposition of sentence only to correct a "manifest injustice." A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. Under the manifest injustice standard, a postsentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.*, at paragraph two of the syllabus. We therefore review a trial court's refusal to allow a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

*State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61.

B. Appointment of an Interpreter

**{¶7}** In his first assignment of error, Preciado asserts that the trial court erred in denying his motion to vacate his plea because his due process rights were violated at the plea hearing when the trial court failed to appoint an interpreter for him. The thrust of this assignment of error is that his plea was not knowingly, voluntarily, and intelligently made because the trial court did not provide an interpreter.

**{¶8}** In a criminal case, the defendant is entitled to hear the proceedings in a language that he can understand. *State v. Almosawi*, 2d Dist. Montgomery No. 24633, 2012-Ohio-3385, ¶ 8. Moreover, R.C. 2311.14(A) requires that a trial court appoint an interpreter for legal proceedings whenever a participant in the proceedings "cannot readily understand or communicate" "because of a hearing, speech, or other impairment."

**{¶9}** The trial court is given broad discretion in determining whether a criminal defendant requires the assistance of an interpreter. *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d 999 (8th Dist. 1990). The decision regarding whether a defendant is entitled to a court-appointed language interpreter is based on the trial court's assessment of the defendant's apparent ability to comprehend and communicate in the English language. *State v. Castro*, 2d Dist. Montgomery No. 14398, 1995 Ohio App. LEXIS 4105, *4 (Sept. 20, 1995). An imperfect grasp of the English language may be sufficient as long as the defendant has the ability to understand and communicate in English. *Id.*

**{¶10}** The defendant moving for a postsentence withdrawal of a guilty plea has the burden of establishing the existence of a manifest injustice. *Smith* at paragraph one of the syllabus. Preciado failed to meet this burden. His affidavit, attached to his motion to vacate, stated only that "[n]o interpreter was present, my lawyer did not speak Spanish." Notably, Preciado did not aver that he had trouble communicating with his lawyer or understanding the proceedings, nor that he required an interpreter or ever asked that an interpreter be appointed. Absent such averments, Preciado's bare assertions do not demonstrate that the trial court abused its discretion in not appointing an interpreter. As stated above, in reaching a decision on a postsentence motion to vacate a plea, a trial court has discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." *Smith* at paragraph two of the syllabus.

In the absence of any averment that he could not understand the proceedings without an interpreter, Preciado's affidavit does not demonstrate that a manifest injustice occurred.

{¶11} Moreover, "'an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Bush*, 96 Ohio St.3d 235, 2001-Ohio-3993, 773 N.E.2d 522, ¶ 14, quoting *Smith* at paragraph three of the syllabus. Here, Preciado waited over 20 years after his plea, and nearly four years after he was advised of immigration proceedings, to file his motion to vacate. The lengthy delay casts serious doubt on Preciado's claim that his plea was not knowingly and intelligently made, and suggests that the motion was made only in an effort to avoid the immigration consequences of his plea.

{¶12} Furthermore, in the absence of a transcript to support the motion to vacate, the trial court was permitted to presume that Preciado had no impairment that would have required the appointment of an interpreter at the plea hearing if, indeed, one was not appointed. *See State v. Gilmore*, 8th Dist. Cuyahoga No. 97844, 2012-Ohio-2216, ¶ 9. Likewise, we are unable to review the trial court's discretionary decision not to appoint an interpreter and must presume regularity in the trial court's proceedings. *Id.*, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶13} Because Preciado failed to meet his burden of demonstrating a manifest injustice, the trial court did not abuse its discretion in denying the motion to vacate. The first assignment of error is overruled.

B. Ineffective Assistance of Counsel

**{¶14}** In his second assignment of error, Preciado contends that his trial counsel was ineffective for failing to request an interpreter, warn him of the immigration consequences of his plea, and advise him of his right to consult with Mexican consular officials. Preciado contends that such failures on the part of counsel created a manifest injustice such that the trial court erred in denying his motion to vacate his plea.

**{¶15}** To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 14 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶16}** In *State v. Bains*, 8th Dist. Cuyahoga No. 94330, 2010-Ohio-5143, ¶ 25, this court held that failure to inform a noncitizen that he faces a risk of deportation can satisfy the first prong of the *Strickland* analysis. Nevertheless, a defendant alleging ineffective assistance of counsel must still demonstrate prejudice as a result. *Id.* Preciado's affidavit claimed that he would "never" have pleaded guilty to the misdemeanor charge had he been properly advised by the court and counsel, and "would have exercised my right to trial."

**{¶17}** We find Preciado's claims that he would not have pleaded guilty and would have gone to trial had he known the consequences of pleading guilty unpersuasive to demonstrate a prejudice suffered. Even if this court were to accept in the absence of a transcript of the plea hearing that Preciado's counsel should have done more to advise him of the ramifications of a guilty plea, Preciado fails to demonstrate that but for his counsel's failure to properly advise him, he would have prevailed against the charges at trial. Accordingly, he has not demonstrated that he was prejudiced by his counsel's performance. *State v. Huang*, 8th Dist. Cuyahoga No. 99945, 2014-Ohio-1511, ¶ 14 (defendant's assertion that he would not have pleaded guilty but would have gone to trial if counsel had advised him of the immigration consequences of his plea

not sufficient to demonstrate prejudice for ineffective assistance of counsel claim where defendant failed to demonstrate he would have prevailed at trial).

**{¶18}** Likewise, Preciado's motion was untimely. As discussed below, Preciado was advised of deportation proceedings in September 2010, yet waited until March 2014 to file his motion to withdraw. Under these circumstances, he cannot demonstrate the prejudice necessary to prevail on an ineffective assistance of counsel claim. *Bains* at ¶ 29; *Huang* at ¶ 16.

**{¶19}** The second assignment of error is overruled.

C.    R.C. 2943.031 Advisement

**{¶20}** R.C. 2943.031(A) provides that prior to accepting a guilty plea from a non-citizen, the court shall advise the defendant of potentially adverse affects a criminal conviction may have on the individual's citizenship status. In his third assignment of error, Preciado contends that the trial court erred in denying his motion to vacate his plea and conviction because the trial court did not advise him at the plea hearing, as required by R.C. 2943.031, of the possible immigration consequences of his plea.

**{¶21}** Under R.C. 2943.031(E), the absence of a record showing that the court gave the advisement required by R.C. 2943.031(A) creates a presumption that the advisement was not given. *State v. Lovano*, 8th Dist. Cuyahoga No. 100578, 2014-Ohio-3418, ¶ 7. Here, it is undisputed that no transcript of the plea hearing is available and that no other evidence exists to prove that the court gave the advisement. Accordingly, in considering Preciado's motion to vacate his plea, the trial court was obliged to presume that the advisement was not given. *Id.* at ¶ 10.

**{¶22}** Withdrawal of a guilty plea is not automatic, however, simply because the court failed to give the R.C. 2943.031(A) advisement. *Id.* at ¶ 8. The decision to set aside a

judgment of conviction and allow the defendant to withdraw a guilty plea is committed to the sound discretion of the court. *Id.*, citing *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. As this court stated in *Lovano*, the Ohio Supreme Court has held that:

> [t]he court is allowed to take into account "many factors" when considering whether to grant a motion to withdraw a guilty plea based on the court's failure to give the R.C. 2943.031(A) advisement. *Francis* at ¶ 36. Although the Ohio Supreme Court did not list what factors the court could consider, it did state that "untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw." *Id.* at ¶ 42.

*Lovano* at ¶8.

{¶23} This court has recognized that the concept of timeliness discussed in *Francis* "involves more than just the numerical calculation of the number of years between entering the plea and the motion to withdraw the plea." *Id.* at ¶ 13. "[S]ubsumed within timeliness is the prejudice to the state in terms of stale evidence and unavailability of witnesses." *Id.*

{¶24} Preciado's motion to withdraw his guilty plea was untimely for two reasons. First, he waited over 20 years after his plea, and more than three years after receiving notice concerning deportation proceedings, to file his motion, even though he was advised in September 2010 that a deportation-removal hearing was scheduled for December 2010. Commencement of deportation proceedings alone was enough to put Preciado on notice that his legal issues were affecting his ability to remain in the United States, and "that he must act with alacrity" to protect that privilege. *Huang*, 8th Dist. Cuyahoga No. 99945, 2014-Ohio-1511 at ¶16; *Lovano*, 8th Dist. Cuyahoga No. 100578, 2014-Ohio-3418 at ¶ 15.

{¶25} Preciado argues that his motion was not filed sooner because he was not made aware until recently that his conviction would have deportation consequences, and that the trial court should have held a hearing on his motion so that he could have explained the reason for his untimely filing. Preciado gave no explanation for his untimely filing in his motion, however,

and made no averment in the affidavit attached to the motion that he had only recently learned about the immigration consequences of his plea. Hence, there is no evidence in the record to support this assertion. *State v. Villafuerte*, 8th Dist. Cuyahoga No. 90367, 2008-Ohio-5587, ¶ 17. A trial court's decision to deny a motion to withdraw a guilty plea without a hearing is granted deference. *Richmond Hts. v. McEllen*, 8th Dist. Cuyahoga No. 99281, 2013-Ohio-3151, ¶ 9. Without any explanation for the untimely filing, the trial court did not abuse its discretion in denying the motion without a hearing.

{¶26} Preciado's motion was also untimely because his 20-year delay in seeking to withdraw his guilty plea has severely prejudiced the state's ability to proceed with a prosecution. As the Ohio Supreme Court stated in *Francis*,

> The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time.

*Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355 at ¶ 41.

{¶27} Allowing Preciado to withdraw his 20-year-old plea would prejudice the state's ability to prosecute the original charges, and impose on it an unreasonable obligation to maintain evidence and witness lists on all cases, ad infinitum. *State v. Suleiman*, 8th Dist. Cuyahoga No. 83915, 2004-Ohio-4487, ¶ 13. Accordingly, the trial court did not abuse its discretion in denying Preciado's untimely motion to vacate his guilty plea. The third assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

—

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
MELODY J. STEWART, J., CONCUR