[Cite as *State v. Hernandez*, 2017-Ohio-679.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  6-16-08

      v.

JOSE CARLOS HERNANDEZ,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 2002 2038

Judgment Affirmed

Date of Decision:   February 27, 2017

APPEARANCES:

    *Stephenie Lape Wolfinbarger* for Appellant

    *Jason M. Miller* for Appellee

Case No. 6-16-08

**ZIMMERMAN, J.,**

{¶1} Defendant-appellant, Jose Carlos Hernandez ("Hernandez"), appeals from a journal entry entered by the Hardin County Court of Common Pleas denying his motion to withdraw his plea pursuant to R.C. 2943.031(D). Because we find the denial of the motion was proper for different reasons as set forth by the trial court, we affirm the trial court's decision to deny the motion.

*Facts and Procedural History*

{¶2} On June 12, 2002, Hernandez was indicted by a Hardin County grand jury on one count of Unlawful Sexual Contact with a Minor, a felony offense of the third degree, (R.C. 2907.04) (Tr. Docket No. 1). On October 4, 2002 and pursuant to a negotiated plea, Hernandez pled guilty to one count of Unlawful Sexual Conduct with a Minor, a felony of the fourth degree, in violation of R.C. 2907.04(A), (B)(1). Hernandez was a citizen of Mexico at the time he entered his plea. (Plea Tr. 10).

{¶3} Hernandez was convicted and sentenced to ten months in prison (Plea Tr. 3) and was subsequently deported to Mexico on April 15, 2003 as a result of his conviction. However, after his deportation, Hernandez re-entered the United States on at least two occasions, was charged and convicted of illegal entry, and deported each time (see generally St. Ex. 2)

{¶4} Hernandez filed his motion in the trial court to withdraw his guilty plea on April 21, 2016. A hearing on the motion occurred on July 26, 2016, Hernandez did not attend or offer testimony through alternative means. The trial court overruled the motion on August 11, 2016 finding there to be substantial compliance by the trial judge of Hernandez's advisement under R.C. 2943.031(A) and further determining Hernandez's motion to be untimely.

{¶5} Hernandez appeals this entry, raising three assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED WHEN IT FOUND THERE WAS SUBSTANTIAL COMPLIANCE WITH R.C. 2943.031 BY THE TRIAL COURT AT THE 2002 PLEA HEARING.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN CONSIDERING "TIMELINESS" OF THE MOTION WHEN DENYING CARLOS' (APPELLANT'S) MOTION TO WITHDRAW PLEA.**

**ASSIGNMENT OF ERROR NO. III**

**EVEN IF "TIMELINESS" IS A FACTOR TO BE CONSIDERED IN ANALYZING A R.C. 2943.031 MOTION TO WITHDRAW PLEA, THE TRIAL COURT ERRED IN FINDING "TIMELINESS" ALONE IS SUFFICIENT BASIS FOR DENIAL.**

{¶6} All of Hernandez's assignments of error address the trial court's denial of his motion to withdraw his 2002 guilty plea. These assignments of error are interrelated, and therefore, shall be addressed together.

Case No. 6-16-08

**{¶7}** A post sentence motion under Crim.R.32.1 is subject to a standard of manifest injustice, *State v. Xie*, 62 Ohio St.3d 521 at 526 (1992). An appellate court will not reverse a denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Totten*, 10th Dist. Franklin No. 05AP-278, 2005-Ohio-6210, ¶5. The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** "However, the manifest injustice standard does not apply to plea withdrawal motions filed pursuant to R.C. 2943.031(D)". *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶26. R.C. 2943.031(D) allows a defendant to withdraw a guilty plea if the defendant satisfies four requirements, and a showing of manifest injustice is not included as one of the requirements. The four requirements are:

> (1)  The court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled guilty may result in deportation under the immigration laws of the federal government. R.C. 2943.031(D).

-4-

Case No. 6-16-08

{¶9} The same abuse of discretion standard of review applies to a trial court's decision on a motion filed pursuant to R.C. 2943.031(D). *Francis* at ¶32. However, "when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion". *Id.* at ¶33. To clarify, the exercise of discretion "applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Francis* at ¶34. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court, under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)". *Id.* at ¶36.

### *Motion Under R.C. 2943.031*

{¶10} Section 2943.031(A) of the Revised Code requires a trial court to give the following advisement to defendants entering either a guilty plea or a plea of no contest, unless the defendant indicates that he is a citizen, in accordance with R.C. 2943.031(B):

> **(A)  Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has**

> **not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:**
>
> > **If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.**

{¶11} Section 2943.031(D) of the Revised Code specifies the remedy for a trial court's failure to advise as required under R.C. 2943.031(A). *State v. Yuen*, 10th Dist. Franklin No. 01AP-1410, 2002-Ohio-5083, ¶18. "Under R.C. 2943.031(D), a defendant who has not received the advisement required by R.C. 2943.031(A) may move to set aside the judgment and withdraw his guilty plea. This motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A)." *State ex re. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, ¶7.

{¶12} Section 2943.031(D) of the Revised Code reads in relevant part as follows:

> **Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and**

**that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.**

*The R.C. 2943.031(A) Advisement*

{¶13} The record establishes that on October 4, 2002, Hernandez entered into plea negotiations whereupon his original charge of Unlawful Sexual Conduct with a Minor was amended from a felony of the third degree to a felony of the fourth degree under R.C. 2907.04(A), (B)(1).

{¶14} During the plea hearing the following exchange took place between the trial court and Hernandez:

**The Court:** **Do you understand that you have a right to consult with the department of the Mexican consolate [sic]?**

**Interpreter:** **Correct. Yes, sir.**

**The Court:** **And are you giving up that right?**

**Interpreter:** **Yes, sir.**

**The Court:** **Now, Mr. Fischmann, you have gone over his right to consult the Mexican consolate [sic] and be represented by the Mexican consolate [sic]?**

**Mr. Fischmann:** **I have, Your Honor. However, it's my understanding that the Mexican consolate [sic] in a situation such as this, there isn't much help that they would render. They would help with verious [sic] documentation problems, things like that, but as far as criminal contact, I don't see there is a lot of help that they would have or could have been in this situation.**

**Interpreter:** **Correct. Correct, sir.**

**The Court:** Now, Mr. Hernandez, do you also understand that once this proceeding is over you could be deported by the American government and Immigration Services of this country?

**Interpreter:** Correct. Yes, sir.

**The Court:** Alright.

**Mr. Phillips:** Your Honor, may I interject? Just for the record I just - - with regard to the Mexican consolate [sic], I'd just like the record to reflect that we did advise them of the defendant's arrest and of his rights through the Mexican consolate [sic].

**Interpreter:** Correct.

**The Court:** All right. Thank you. Now, Mr. Hernandez, is there anything we've gone over so far that you don't understand?

**Interpreter:** No, sir. He says he understands everything.

**The Court:** Is there anything you would like us to explain further?

**Interpreter:** He says I'm fine.

{¶15} Hernandez argues on appeal that the advisement only warned him of deportation as a potential consequence of his plea with no mention of exclusion from future admission to the United States or denial of naturalization, citizenship pursuant to the laws of the United States.

{¶16} Assuming *arguendo* that the record supports Hernandez's claim that a proper advisement was not given to him, the withdrawal of the plea is not automatic

-8-

simply because the court failed to give the R.C. 2943.031(A) advisement. As noted earlier, the Supreme Court of Ohio has held the decision to set aside a judgment of conviction and allow the defendant to withdraw a plea is committed to the sound discretion of the court as to "whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *)." *Francis*, *Id*. at ¶32-34. Thus, the court is permitted to take into account "many factors" when considering whether to grant a motion to withdraw a plea based on the court's failure to give the R.C. 2943.031(A) advisement. *Parma v. Lemajic*, 8th Dist. Cuyahoga No. 102620, 2015-Ohio-3888, ¶9, citing *Francis* at ¶36. Although the Supreme Court of Ohio did not list what factors in addition to those set forth in R.C. 2943.031(D) that the court could consider, it did state that "untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw." *Francis* at ¶42.

{¶17} "The concept of 'timeliness' discussed in *Francis* involves more than just the numerical calculation of the number of years between entering the plea and the motion to withdraw the plea. As *Francis* noted, subsumed within timeliness is the prejudice to the state in terms of stale evidence and unavailability of witnesses." *State v. Lovano*, 8th Dist. Cuyahoga No. 100578, 2014-Ohio-3418, ¶13. Hernandez waited nearly thirteen years after entering his plea in this case, with at least two additional deportations (2011 and 2015 for illegally entering the United States),

before deciding to withdraw it. Thus, any assertion that he was prejudiced is untimely.

{¶18} The record reflects that Hernandez did not support his motion to withdraw with documentation affirmatively demonstrating that his 2002 conviction has caused him to suffer prejudice in regards to exclusion from admission to the United States or denial of naturalization. The attachment to Hernandez's motion, (Ex A) "Warning to Alien Ordered Removed or Deported" bears reference to deportation proceedings not exclusion from admission or a denial of naturalization request. Clearly, Hernandez was aware that deportation was a collateral consequence of his 2002 conviction.

{¶19} Hernandez has not presented us with an affidavit averring that he has been excluded from admission to the United States or was denied citizenship pursuant to the laws of the United States by virtue of his 2002 conviction as opposed to his multiple deportations being the source of his immigration problems.[1]

{¶20} Further, " 'an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a

---

[1] Please see *State v. Batista*, 10th Dist. Franklin No. 03AP-1009, 2004-Ohio-5066, at ¶12… "there is no evidence appellant is facing exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States as a result of his guilty plea, which is insufficient to show prejudicial effect". See also, *State v. Balderas*, 2nd Dist. Greene No. 07-CA-25, 2007-Ohio-4887 (because the defendant failed to show the convictions resulting from his pleas in state court in the case at issue, rather than his federal convictions, adversely affected his immigration status, there was no error in trial court's decision to deny his motion to withdraw).

factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶14, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), at paragraph three of the syllabus. Thus, the lengthy delay and the lack of evidence provided in support of his motion casts serious doubt on Hernandez's claim that his plea was not knowing, intelligently, and voluntarily made.

{¶21} For these reasons, we conclude that the trial court did not abuse its discretion in overruling Hernandez's motion on the basis that he failed to demonstrate he was entitled to vacate his plea under R.C. 2943.031(D) and Crim.R. 32.1. Accordingly, the first, second and third assignments of error are overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**